UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------------X
OSCAR VILLANUEVA,                                                Civil Action No.

                         Plaintiff,

   -against-

341 FRAME INC d/b/a ETC. EATERY, 20E FRAME INC
d/b/a ETC. EATERY, PYONG SU SON, and ELLY KIM,

                        Defendants.
---------------------------------------------------------------------------X

## COMPLAINT

Plaintiff, OSCAR VILLANUEVA (hereinafter, "Plaintiff"), as and for his Complaint against Defendants, 341 FRAME INC d/b/a ETC. EATERY, 20E FRAME INC d/b/a ETC. EATERY, PYONG SU SON, and ELLY KIM (hereinafter collectively, "Defendants"), respectfully alleges as follows:

## JURISDICTION AND VENUE

1.    Plaintiff brings this action under the Fair Labor Standards Act (hereinafter, the "FLSA"), 29 U.S.C. §§ 201 *et seq.*, Articles 6 and 19 of the New York Labor Law (hereinafter, "NYLL"), and the supporting New York State Department of Labor Regulations of the Official Compilation of Codes, Rules, and Regulations of the State of New York promulgated by the Commissioner of Labor pursuant to the Minimum Wage Act (hereinafter, the "Regulations"), including Part 146 of Title 12, to recover unpaid overtime compensation, unpaid spread of hours compensation, and for other relief.

2.    Jurisdiction over Plaintiff's FLSA claim is based upon Section 216(b) of the FLSA, 29 U.S.C. § 216(b), and upon 28 U.S.C. § 1331.

1

3. The Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367(a) because these claims are so related to the FLSA claim that they form part of the same case or controversy.

4. Venue in this district is appropriate under 28 U.S.C. §1391(b)(2) because a substantial part of the events giving rise to these claims occurred in this judicial district.

## PARTIES

5. Plaintiff was employed by Defendants as a kitchen assistant from in or about August 2018 until in or about January 2, 2019, and again from on or about January 25, 2019 until on or about April 25, 2019 at Defendants' "ETC Eatery" restaurants.

6. According to the New York State Department of State, Division of Corporations, Defendant 341 Frame Inc d/b/a Etc. Eatery (hereinafter, "341 Frame") is a New York domestic corporation duly organized and existing under and by virtue of the laws of the State of New York.

7. According to the New York State Department of State, Division of Corporations, Defendant 341 Frame maintains an address for the service of process located at 341-347 Fifth Avenue, New York, New York 10016.

8. According to the New York State Liquor Authority, Division of Alcoholic Beverage Control, Defendant 341 Frame is licensed to sell alcoholic beverages at 341-347 Fifth Avenue, New York, New York 10016.

9. According to the New York State Liquor Authority, Division of Alcoholic Beverage Control, Defendant 341 Frame uses the trade name "ETC."

10. Upon information and belief, at all relevant times to this action, Defendant 341 Frame owned and operated the "Etc. Eatery" located at 345 Fifth Avenue, New York, New York 10016.

11. According to the New York State Department of State, Division of Corporations, Defendant 20E Frame Inc d/b/a Etc. Eatery (hereinafter, "20E Frame") is a New York domestic corporation duly organized and existing under and by virtue of the laws of the State of New York.

12. According to the New York State Department of State, Division of Corporations, Defendant 20E Frame maintains an address for the service of process located at 20E 46th Street, New York, New York 10017.

13. According to the New York State Liquor Authority, Division of Alcoholic Beverage Control, Defendant 20E Frame is licensed to sell alcoholic beverages at 20E 46th Street, New York, New York 10017.

14. According to the New York State Liquor Authority, Division of Alcoholic Beverage Control, Defendant 20E Frame uses the trade name "ETC."

15. Upon information and belief, at all relevant times to this action, Defendant 20E Frame owned and operated the "Etc. Eatery" located at 20E 46th Street, New York, New York 10017.

16. Upon information and belief, Defendant Pyong Su Son (hereinafter, "Son") is a resident of the State of New York.

17. Upon information and belief, at all relevant times, Defendant Son was a shareholder, owner, officer, director, and/or managing agent of Defendants 341 Frame and 20E Frame.

18. Upon information and belief, at all relevant times, Defendants 341 Frame and 20E Frame were owned, operated, and/or controlled by Defendant Son.

19. According to the New York State Liquor Authority, Division of Alcoholic Beverage Control, Defendant Son is a principal of Defendant 341 Frame.

3

20. Upon information and belief, at all relevant times, Defendant Son exercised operational control over Defendants 341 Frame and 20E Frame, controlled significant business functions of Defendants 341 Frame and 20E Frame, determined employee salaries, made hiring decisions, and acted on behalf of and in the interest of Defendants 341 Frame and 20E Frame in devising, directing, implementing, and supervising the wage and hour practices and policies relating to their employees, including Plaintiff.

21. Upon information and belief, at all relevant times, Defendant Son participated in running the daily operations of Defendants 341 Frame and 20E Frame.

22. Upon information and belief, at all relevant times, Defendant Son participated in the management and supervision of the employees at Defendants' "Etc. Eatery" restaurants.

23. Upon information and belief, Defendant Elly Kim (hereinafter, "Kim") is a resident of the State of New York.

24. Upon information and belief, at all relevant times, Defendant Kim was a shareholder, owner, officer, director, and/or managing agent of Defendants 341 Frame and 20E Frame.

25. Upon information and belief, at all relevant times, Defendants 341 Frame and 20E Frame were owned, operated, and/or controlled by Defendant Kim.

26. According to the New York State Liquor Authority, Division of Alcoholic Beverage Control, Defendant Kim is a principal of Defendant 20E Frame.

27. Upon information and belief, at all relevant times, Defendant Kim exercised operational control over Defendants 341 Frame and 20E Frame, controlled significant business functions of Defendants 341 Frame and 20E Frame, determined employee salaries, made hiring decisions, and acted on behalf of and in the interest of Defendants 341 Frame and 20E Frame in

devising, directing, implementing, and supervising the wage and hour practices and policies relating to their employees, including Plaintiff.

28. Upon information and belief, at all relevant times, Defendant Kim participated in running the daily operations of Defendants 341 Frame and 20E Frame.

29. Upon information and belief, at all relevant times, Defendant Kim participated in the management and supervision of the employees at Defendants' "Etc. Eatery" restaurants.

30. Upon information and belief, Defendants 341 Frame and 20E Frame were and are owned, operated, and controlled by Defendants Son and Kim.

31. Upon information and belief, Defendants 341 Frame and 20E Frame were and are part of a single integrated enterprise that jointly employed Plaintiff.

32. Upon information and belief, Defendants 341 Frame and 20E Frame's operations were and are interrelated and unified.

33. At all relevant times, Defendants 341 Frame and 20E Frame shared common management and were centrally controlled.

34. Upon information and belief, at all relevant times, Defendants 341 Frame and 20E Frame shared employees, equipment, and supplies.

35. Defendants had substantial control over Plaintiff's working conditions and the unlawful policies and practices alleged herein.

36. Defendants maintained control, oversight, and direction over Plaintiff, including timekeeping, payroll, and other employment practices applied to him.

37. Defendants 341 Frame, 20E Frame, Son, and Kim are covered employers within the meaning of the FLSA and the NYLL, and, at all relevant times, jointly employed Plaintiff.

**FACTS**

38. At all times relevant to this action, Plaintiff was employed for the benefit of and at the direction of Defendants at their "Etc. Eatery" restaurants.

39. From in or about August 2018 until on or about January 2, 2019, Plaintiff worked at Defendants' Etc. Eatery located at 345 Fifth Avenue, New York, New York 10016.

40. From on or about January 25, 2019 until on or about April 25, 2019, Plaintiff worked at Defendants' Etc. Eatery located at 20E 46th Street, New York, New York 10017.

41. Throughout his employment, Plaintiff was required to clock-in at the beginning of his shifts; however, Defendants did not allow him to clock-out at the end of his shifts. Instead, Plaintiff's manager clocked him out several hours prior to Plaintiff actually ending his shifts.

42. As such, upon information and belief, Defendants did not keep and maintain accurate time records for the hours that Plaintiff worked each day and week.

43. During Plaintiff's employment, his primary duties included preparing food and cleaning the kitchen.

44. From in or about August 2018 until on or about January 2, 2019, Plaintiff worked six (6) days per week with Sunday off. Each shift, Plaintiff generally worked from about 6:00 a.m. until about 4:00 p.m.

45. During this time, Plaintiff was not given and did not take uninterrupted meal breaks longer than fifteen (15) minutes.

46. During this time, Plaintiff generally worked sixty (60) hours per week.

47. From on or about January 25, 2019 until on or about April 25, 2019, Plaintiff worked five (5) days per week, Monday through Friday. Each shift, Plaintiff generally worked from about 5:10 a.m. until about 3:10 p.m.

48. During this time, Plaintiff was not given and did not take uninterrupted meal breaks longer than fifteen (15) minutes.

49. During this time, Plaintiff generally worked fifty (50) hours per week.

50. Throughout Plaintiff's employment, Defendants paid Plaintiff an hourly rate of pay.

51. Throughout Plaintiff's employment, Defendants only paid Plaintiff for the first forty hours of work each week, and at times, a limited number of overtime hours.

52. Throughout Plaintiff's employment, Defendants did not pay Plaintiff overtime compensation for all of the hours that he worked in excess of forty (40) hours per week.

53. Throughout Plaintiff's employment, Defendants did not pay Plaintiff one and one-half times his regular rate of pay for all of the hours that he worked in excess of forty (40) hours per week.

54. Throughout Plaintiff's employment, Plaintiff regularly worked more than ten hours per day.

55. Despite regularly working more than ten hours per day, Defendants did not pay Plaintiff spread of hours compensation at a rate of one extra hour of pay at the statutory minimum wage rate for each day in which he worked in excess of ten hours.

56. Defendants did not provide Plaintiff with a Notice and Acknowledgement of Pay Rate and Payday, or any other form of wage notice, at the time of his hiring or at any other time thereafter.

57. Defendants provided Plaintiff with a pay slip each week with his earnings; however, Defendants did not include on the pay slips an accurate accounting of Plaintiff's weekly hours and overtime earnings. Defendants also failed to include their corporate entity identification and contact information as required by law.

58. As such, Defendants did not provide Plaintiff with complete and accurate earnings statements, pay stubs, cash receipts, or any other complete and accurate wage statement along with his weekly earnings, as required by the NYLL.

59. Defendants Son and Kim participated in the decision to hire and fire employees at Defendants' Etc. Eatery restaurants.

60. Defendants Son and Kim participated in setting employees' work schedules at Defendants' Etc. Eatery restaurants.

61. Defendants Son and Kim participated in deciding the hours that the employees worked at Defendants' Etc. Eatery restaurants.

62. Defendants Son and Kim participated in deciding the manner in which employees were paid at Defendants' Etc. Eatery restaurants.

63. Defendants Son and Kim participated in supervising employees' duties at Defendants' Etc. Eatery restaurants.

64. Defendants Son and Kim participated in deciding the job duties that employees performed on a daily basis at Defendants' Etc. Eatery restaurants.

65. Defendants Son and Kim participated in running the day-to-day operations of Defendants 341 Frame and 20E Frame during Plaintiff's employment.

66. Defendants managed Plaintiff's employment, including the amount of overtime worked.

67. Defendants dictated, controlled, and ratified the wage and hour and all related employee compensation policies.

68. Defendants were aware of Plaintiff's work hours but failed to pay him the full amount of overtime compensation to which he was entitled for this work time under the law.

69. Defendants were aware of Plaintiff's work hours but failed to pay him spread of hours compensation to which he was entitled under the law.

70. Defendants' failure to pay proper wages in a timely manner has been made without good faith, willfully, and with a reckless disregard for Plaintiff's rights, and Plaintiff has been damaged by such failures.

## COUNT I
## VIOLATION OF THE FAIR LABOR STANDARDS ACT
## 29 U.S.C. § 201 *ET SEQ*.
## FAILURE TO COMPENSATE FOR OVERTIME

71. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

72. The FLSA regulates the payment of wages by employers whose employees are "engaged in commerce or engaged in the production of goods for commerce, or are employed in an enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. § 207(a)(1).

73. Defendants were and are subject to the overtime pay requirements of the FLSA because Defendants 341 Frame and 20E Frame were and continue to be enterprises engaged in commerce or in the production of goods for commerce.

74. At all times relevant to this Complaint, Defendants 341 Frame and 20E Frame had, and continue to have, two (2) or more employees handle goods or materials that have moved in interstate commerce, including Plaintiff who handled food items and other kitchen equipment that originated outside of the State of New York.

75. Upon information and belief, the gross annual volume of sales made or business done by Defendants 341 Frame and 20E Frame for 2018 was not less than $500,000.00.

76. At all times relevant to this action, Plaintiff was entitled to the rights, benefits, and protections granted by the FLSA, 29 U.S.C. § 207, *et seq*.

77. Section 207(a)(1) of the FLSA states that an employee must be paid overtime, equal to at least one and one-half times the employee's regular rate of pay, for all hours worked in excess of forty (40) hours per week.

78. By the above-alleged conduct, Defendants have violated the FLSA by failing to pay Plaintiff overtime compensation as required by the FLSA.

79. Section 13 of the FLSA, 29 U.S.C. § 213, exempts certain categories of employees from the overtime compensation requirements set forth in Section 207(a)(1) of the FLSA.

80. However, none of the Section 13 exemptions apply to Plaintiff because he has not met the requirements for coverage under the exemptions.

81. Defendants have acted willfully and have either known that their conduct violated the FLSA or have shown reckless disregard for the matter of whether their conduct violated the FLSA.

82. Defendants have not acted in good faith with respect to the conduct alleged herein.

83. As a result of Defendants' violations of the FLSA, Plaintiff has incurred harm and loss in an amount to be determined at trial, along with liquidated damages, attorneys' fees and costs of litigation, pursuant to 29 U.S.C. § 216(b).

## COUNT II
## VIOLATION OF THE NEW YORK LABOR LAW
## ARTICLES 6 AND 19
## FAILURE TO COMPENSATE FOR OVERTIME

84. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

85. At all times relevant to this Action, Plaintiff was employed by Defendants within the meaning of New York Labor Law §§ 2 and 651.

86. At all times relevant to this Action, Defendants were "employers" of Plaintiff within the meaning of the NYLL and the supporting Regulations pertaining thereto.

87. At all times relevant to this Action, Defendants 341 Frame and 20E Frame were restaurants as defined by the regulations pertaining to the NYLL.

88. At all times relevant to this Action, Plaintiff was an "employee" of Defendants within the meaning of the NYLL and the supporting Regulations pertaining thereto.

89. At all times relevant to this Action, Plaintiff was an "employee" in the hospitality industry as defined by the regulations pertaining to the NYLL.

90. At all times relevant to this Action, Defendants employed Plaintiff, suffering or permitting him to work within the meaning of the NYLL and the supporting Regulations pertaining thereto.

91. The overtime wage provisions of Article 19 of the NYLL and its supporting Regulations apply to Defendants and protect Plaintiff.

92. Under New York law, an employee must be paid overtime, equal to one and one-half times the employee's regular rate of pay, for all hours worked in excess of forty (40) per week in the manner and methods provided by the FLSA. 12 N.Y.C.R.R. §§ 146-1.4.

93. By the above-alleged conduct, Defendants failed to pay Plaintiff overtime compensation as required by the NYLL and the Regulations pertaining thereto.

94. By the above-alleged conduct, Defendants failed to pay Plaintiff overtime compensation for the time periods in which he worked in excess of forty (40) hours per week.

95. Plaintiff was not exempt from the overtime provisions of the NYLL, because he

did not meet the requirements for any of the reduced number of exemptions available thereunder.

96. Defendants acted willfully and either knew that their conduct violated the NYLL or showed a reckless disregard for the matter of whether their conduct violated the NYLL.

97. Defendants have not acted in good faith with respect to the conduct alleged herein.

98. As a result of Defendants' violations of the NYLL, Plaintiff has incurred harm and loss in an amount to be determined at trial, in addition to liquidated damages, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

## COUNT III
## VIOLATION OF THE NEW YORK LABOR LAW
## ARTICLES 6 AND 19
## FAILURE TO PAY SPREAD OF HOURS COMPENSATION

99. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

100. In violation of the NYLL and the Regulations pertaining thereto, Defendants failed to pay Plaintiff an additional hour of pay when the spread of hours between the beginning and end of Plaintiff's workday exceeded ten (10) hours.

101. Such failures constituted outrageous conduct, made knowingly and willfully, or with a reckless indifference to Plaintiff's rights.

102. As a result of Defendants' violation of the NYLL and the Regulations pertaining thereto, Plaintiff incurred harm and loss in an amount to be determined at trial, along with liquidated damages, interest, and attorneys' fees and costs of litigation.

## COUNT IV
## VIOLATION OF THE NEW YORK LABOR LAW
## NYLL SECTION 195(1)
## FAILURE TO PROVIDE WAGE NOTICES

103. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

104. Defendants willfully failed to furnish Plaintiff with wage notices during his employment, including the dates of his hiring, as required by NYLL § 195(1), in English or in the language identified by the employee as his/her primary language, which were to contain, among other things, the employee's rate or rates of pay and basis thereof; the regular pay day designated by Defendants as employers in accordance with NYLL § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; and the employee's regular hourly rates of pay and overtime rates of pay.

105. Through their knowing and intentional failure to provide Plaintiff with the wage notices required by the NYLL, Defendants have willfully violated NYLL §§ 190 *et seq*. and the supporting Regulations.

106. Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover statutory penalties, together with costs and attorneys' fees provided by NYLL § 198(1-b).

### COUNT V
### VIOLATION OF THE NEW YORK LABOR LAW
### ARTICLE 6, SECTION 195(3)
### FAILURE TO PROVIDE WAGE STATEMENTS

107. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

108. Defendants willfully failed to provide Plaintiff with complete and accurate wage statements with his wages each week as required by NYLL § 195(3), which were to include, among other things, the dates of work covered by each payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof; deductions; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; and the number of regular hours worked and the number of overtime hours worked.

109. Through their knowing and intentional failure to provide Plaintiff with complete and accurate wage statements, Defendants have willfully violated NYLL §§ 190 *et seq*. and the supporting Regulations.

110. Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover statutory penalties, together with costs and attorneys' fees as provided by NYLL § 198(1-d).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, by and through his attorneys, Neil H. Greenberg & Associates, P.C., demands judgment against Defendants, jointly and severally, and in favor of Plaintiff, for a sum that will properly, adequately, and completely compensate Plaintiff for the nature, extent, and duration of the damages, costs of this action, and as follows:

A. Declare and find that Defendants committed one or more of the following acts:

1. Violated provisions of the FLSA by failing to pay overtime compensation to Plaintiff;

2. Willfully violated the provisions of the FLSA;

3. Violated the provisions of the NYLL by failing to pay overtime and spread of hours compensation to Plaintiff;

4. Willfully violated the applicable provisions of the NYLL;

5. Violated the provisions of the NYLL by failing to provide wage notices and wage statements to Plaintiff;

B. Award compensatory damages, including all overtime and spread of hours compensation owed, in an amount according to proof;

C. Award liquidated damages under the NYLL, or alternatively the FLSA;

D. Award statutory damages under the NYLL;

E. Award interest on all NYLL overtime and spread of hours compensation due accruing from the date such amounts were due;

  F. Award all costs, disbursements, and attorney's fees incurred in prosecuting this action; and

  G. Provide such further relief as the Court deems just and equitable.

Dated: Massapequa, New York
   June 21, 2019

                  _____
                  Neil H. Greenberg, Esq.
                  Neil H. Greenberg & Associates, P.C.
                  *Attorneys for the Plaintiff*
                  4242 Merrick Road
                  Massapequa, New York 11758
                  Tel: 516.228.5100
                  nhglaw@nhglaw.com

## FAIR LABOR STANDARDS ACT - CONSENTIMIENTO/CONSENT FORM

Doy mi consentimiento para ser parte demandante en una demanda contra **Fresh Kitchen Inc y Chung Ho Shin**, y / o entidades e individuos relacionados con el fin de obtener reparación por violaciones de la Fair Labor Standards Act, (*Ley de las Normas Laborales Justas*) de conformidad con 29 U.S.C. § 216 (b). Por la presente yo designo Neil H. Greenberg & Associates, P.C. para representarme en tal demanda.

I, consent to be a party plaintiff in a lawsuit against **Fresh Kitchen Inc and Chung Ho Shin** and/or related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216 (b). I hereby designate Neil H. Greenberg & Associates, P.C. to represent me in such a lawsuit.

Date/Fecha: 6/21/19

_____
Oscar Armando Villanueva Galiano

- 1 -